UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSSIANT PICHARDO,
Plaintiff

v.

M.S. WALKER,
Defendant

# COMPLAINT AND JURY DEMAND

## PARTIES

1. Plaintiff Jossiant Pichardo ("Plaintiff") is a resident of Pawtucket, Rhode Island.

2. M.S. Walker, Inc. ("Defendant") is a corporation having a principal place of business in Norwood, Norfolk County, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

3. On its website, Defendant describes itself as a liquor distributor with direct operations in Massachusetts, New York, New Jersey, and Rhode Island and brokerage operations in Maine, New Hampshire, and Vermont.

4. Defendant has employed Plaintiff since on or after October 4, 2021, initially, in a position Defendant called "Logistics Supervisor," which it later renamed "Truck Checking and Receiver."

1

5. At no time during his employment have Plaintiff's primary duties consisted of job responsibilities that would lawfully permit Defendant to classify him as exempt from overtime under the FLSA, 29 U.S.C. § 207(a), or Massachusetts Overtime Law, G.L. c. 151, § 1A, such as managing a department, supervising other employees, or having the authority to hire or fire employees.

6. Instead, throughout his employment, Plaintiff's primary duties involve checking and receiving goods, performing camera work, responding to emails, and handling paperwork, all of which do not meet the criteria for exempt status.

7. Until on or about April 25, 2023, however, Defendant classified Plaintiff as exempt from overtime under the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA"), and the Massachusetts Overtime Law, G.L. c. 151, § 1A ("the Massachusetts O.T. Law").

8. Until Defendant reclassified Plaintiff as non-exempt from overtime, Plaintiff performed compensable work over 40 hours in his regularly recurring seven-day workweeks, but Defendant paid him on a salary basis and did not pay him 1.5 times his regular rate of pay for all hours he worked in excess of 40 in these seven-day periods, as required by the FLSA and the Massachusetts O.T. Law.

## SUBJECT MATTER JURISDICTION

9. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, federal question.

## VENUE

10. Venue is proper in the United States District Court for the District of Massachusetts, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because the Defendant, M.S. Walker Inc., has its principal place of business in Norwood, Massachusetts, and a substantial part of the events or omissions giving rise to the claim occurred in Norwood, Massachusetts, where the Plaintiff performed the work in question.

## COUNT I

### Violation of the Massachusetts Overtime Law

11. Plaintiff repeats and incorporates by reference all allegations made herein.

12. Defendant's employment of Plaintiff is subject to the Massachusetts Overtime Law.

13. Defendant violated the Massachusetts Overtime Law by failing to pay Plaintiff overtime compensation for hours worked over 40 per week.

14. Defendant's classification of Plaintiff's job duties as exempt from overtime during this period was illegal under these laws.

15. As a direct result of Defendant's violation of the Massachusetts Overtime Law, Plaintiff was harmed, injured, and damaged by being deprived of overtime pay and other benefits to which he was lawfully entitled.

## COUNT II

## Violation of the Fair Labor Standards Act

16. Plaintiff repeats and incorporates by reference all allegations made herein.

17. Defendant's employment of Plaintiff is subject to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a).

18. Defendant violated the FLSA by failing to pay Plaintiff overtime compensation for hours worked over 40 per week.

19. Defendant's classification of Plaintiff's job duties as exempt from overtime was illegal under the FLSA.

20. As a direct result of Defendant's violation of the FLSA, Plaintiff was harmed, injured, and damaged by being deprived of overtime pay and other benefits to which he was lawfully entitled.

21. Exhibit 1 is Plaintiff's FLSA consent form, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Judgment awarding Plaintiff all unpaid wages, overtime wages, liquidated damages, treble damages, attorneys' fees, and costs, including as mandated by 29 U.S.C. § 216(b), and G.L. c. 151, § 1A;

4

    B.  An award of pre-and post-judgment interest on all amounts awarded at the highest rate allowable by law, and

    C.  All such other and further relief to which Plaintiff may show himself to be justly entitled.

## JURY DEMAND

A trial by jury is demanded on all counts so triable.

                Respectfully submitted,

                PLAINTIFF JOSSIANT PICHARDO

                By his Attorney,

                s/Daniel W. Rice
                Daniel W. Rice, B.B.O. # 559269
                HARRINGTON RICE & MAGLIONE, LLC
                738 Main Street
                Hingham, Massachusetts 02043
                (781) 964-8377
                dwr@harringtonrice.com

Dated: July 12, 2024